UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BRADLEY CABRERA and JOSE MOTA, *on behalf of themselves and those similarly situated,*

                       *Plaintiffs*,

                *v.*

SILVERLINING HOLDING CORP. *and* DANIEL POTTER, *individually,*

                       *Defendants.*
------------------------------------------------------------------------X

**16 CV 9107**

**COMPLAINT**

      Plaintiffs Bradley Cabrera and Jose Mota, on behalf of themselves and those similarly situated, through their counsel, The Harman Firm, LLP, allege for their complaint against Defendant SilverLining Holding Corp. and Defendant Daniel Potter, individually, as follows:

### NATURE OF THE ACTION

      1.     Plaintiffs Bradley Cabrera ("Plaintiff Cabrera" or "Mr. Cabrera") and Jose Mota ("Plaintiff Mota" or "Mr. Mota") (collectively, "Plaintiffs") were employed as technicians by Defendant SilverLining Holding Corp. ("Corporate Defendant" or "SilverLining"). Corporate Defendant provides pipe repair and cleaning services for commercial, industrial, and residential pipe lines. Plaintiffs performed pipe repair and cleaning for Corporate Defendant's clients at various job sites in New York County in the State of New York. Upon information and belief, Defendant Daniel Potter ("Individual Defendant" or "Mr. Potter") founded SilverLining, held various executive positions at SilverLining, and exercised control over Plaintiffs' employment. The Corporate and Individual Defendants are referred to collectively hereinafter as "Defendants."

2. Plaintiffs, for themselves and on behalf of all others similarly situated, seek damages and costs against Defendants for failing to pay them (i) the minimum wage, and (ii) the overtime premium rate for hours worked in excess of forty (40) in a work week, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

3. Plaintiffs also seek damages and costs against Defendants for failing to (i) pay them their wage, (ii) pay them at the overtime premium rate for hours worked in excess of forty (40) in a work week, (iii) pay them the spread of hours, and (iv) provide notice and keep records, in violation of the New York State Labor Law ("NYLL"), N.Y. Lab. Law § 1–1200.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over Plaintiffs' claims, as Defendants violated Plaintiffs' rights under the FLSA.

5. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiffs' claims brought under the NYLL, as they are so related to the FLSA claims that they form part of the same case or controversy.

6. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of New York, as a substantial part of the events giving rise to these claims occurred within this District.

## PARTIES

7. Plaintiff Cabrera, at all relevant times, was and is a resident of Bronx County in the State of New York.

8. Plaintiff Mota, at all relevant times, was and is a resident of Bronx County in the State of New York.

9. Upon information and belief, at all relevant times, Corporate Defendant was and is a corporation organized under the laws of the State of Delaware, with its principal office located at 368 Hillside Avenue, Needham, Massachusetts 02494.

10. Upon information and belief, at all relevant times, Individual Defendant was and is a resident of Norfolk County in the State of Massachusetts.

11. Upon information and belief, Individual Defendant dictated Plaintiffs' wages, made hiring and firing decisions, heard employee complaints, set schedules, and signed financial forms on behalf of the Corporate Defendant, including, but not limited to, U.S. Securities and Exchange Commission Documents. Upon information and belief, Individual Defendant also holds the titles of CEO, President, Treasurer, and Chairman of the Corporate Defendant, and acts as the face of the Corporate Defendant, representing it at events.

## COVERAGE UNDER THE FLSA

12. At all relevant times, Plaintiffs were Defendants' "employees" within the meaning of the FLSA, as Plaintiffs performed plumbing work on Defendants' behalf.

13. At all relevant times, Defendants were Plaintiffs' "employer" within the meaning of the FLSA, as Defendants controlled how Plaintiffs performed plumbing work for Defendants.

14. Defendants were, and continue to be, an "employer" within the meaning of the FLSA.

15. At all relevant times, Corporate Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

16. Upon information and belief, Corporate Defendant's annual gross revenue was in excess of five hundred thousand dollars ($500,000) during the relevant time period.

17. At all relevant times, Plaintiffs were "engaged in commerce" and subject to individual coverage of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

18. Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of themselves and others who currently or formerly were employed by Defendants within the meaning of the FLSA as Pipe Technicians or Tight Technicians (the "Collective Action Members") at any time during the three (3) year period immediately preceding the filing of the original complaint (the "Statutory Period").

19. Defendants subjected Plaintiffs and Collective Action Members to the same pay provision(s) in that Plaintiffs and Collective Action Members (i) were not paid the federal minimum wage, and (ii) were not compensated at the overtime premium rate for all hours worked in excess of forty (40) in a work week.

20. As a result of Defendants' violations of the minimum wage and overtime provisions of the FLSA, Defendants paid the Collective Action Members at an illegally low rate of pay.

21. Thus, the Collective Action Members are owed unpaid compensation under the FLSA for the same reasons as Plaintiffs.

22. Questions of law and fact common to Collective Action Members predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all Collective Action Members. Among the questions of law and fact common to Plaintiffs and other Collective Action Members are:

    a. whether Defendants employed Collective Action Members within the meaning of the FLSA;

b. what proof of hours worked is sufficient where the employer fails in its duty to maintain accurate time records;

c. whether Defendants failed to pay Collective Action Members the federal minimum wage, in violation of the FLSA;

d. whether Defendants failed to pay Collective Action Members overtime compensation for hours worked in excess of forty (40) hours per workweek, in violation of the FLSA;

e. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and

f. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs, and disbursements, and attorneys' fees.

## STATEMENT OF FACTS

### I. Plaintiff Cabrera

23. SilverLining hired Mr. Cabrera as a Tight Technician on or about July 28, 2016, at a regular pay rate of seventeen dollars ($17.00) per hour.

24. On or about October 3, 2016, SilverLining terminated Mr. Cabrera's employment.

25. To date, SilverLining has not paid Mr. Cabrera his wages for the pay periods of September 7, 2016, to September 20, 2016 ("Period 1"), and September 21, 2016, to September 30, 2016 ("Period 2").

26. During Period 1, Mr. Cabrera worked fifty-eight (58) hours the first week and fifty-six (56) hours the second week, for which he was not compensated at all.

27. During Period 1, Mr. Cabrera worked a total of thirty-four (34) hours in excess of forty (40) per week.

28. During Period 2, Mr. Cabrera worked fifty-two (52) hours, for which he was likewise not compensated.

29. During Period 2, Mr. Cabrera worked a total of twelve (12) hours in excess of forty (40) per week.

30. In and around October 2016, Mr. Cabrera repeatedly complained to SilverLining, including his former supervisor, Yoni Rivera, and Mr. Potter about SilverLining's failure to pay him wages, but did not receive a response.

31. Further, through counsel, Mr. Cabrera sent a letter to Mr. Potter on November 9, 2016, informing SilverLining of the nonpayment. To date, neither Mr. Cabrera nor his counsel has received a response from Defendants.

## II. Plaintiff Mota

32. SilverLining hired Mr. Mota as a Pipe Technician on or about July 20, 2016, at a regular pay rate of sixteen dollars ($16.00) per hour.

33. On September 21, 2016, SilverLining terminated Mr. Mota's employment.

34. Mr. Mota was not paid at all throughout the entirety of his employment with SilverLining.

35. In the week beginning on July 17, 2016, Mr. Mota worked ten (10) hours on Wednesday and eight (8) hours per day on Thursday and Friday, totaling a twenty-six (26) hour work week.

36. In the week beginning on July 24, 2016, Mr. Mota worked ten (10) hours per day on Monday, Wednesday, and Friday and eight (8) hours per day on Tuesday and Thursday, totaling a forty-six (46) hour work week.

37. In the week beginning on July 31, 2016, Mr. Mota worked ten (10) hours per day on Monday and Tuesday, eight (8) hours on Wednesday, and thirteen (13) hours per day on Thursday and Friday, totaling a fifty-four (54) hour work week.

38. In the week beginning on August 7, 2016, Mr. Mota worked ten (10) hours per day on Monday, Tuesday, Thursday, and Friday and eight (8) hours on Wednesday, totaling a forty-eight (48) hour work week.

39. In the week beginning on August 14, 2016, Mr. Mota worked eight (8) hours per day on Monday, Tuesday, and Wednesday and ten (10) hours per day on Thursday and Friday, totaling a forty-four (44) hour work week.

40. In the week beginning on August 21, 2016, Mr. Mota worked eight (8) hours per day on Monday, Tuesday, and Wednesday, ten (10) hours on Thursday, and twelve (12) hours on Friday, totaling a forty-six (46) hour work week.

41. In the week beginning on August 28, 2016, Mr. Mota worked eight (8) hours per day on Monday, Tuesday, Wednesday, Thursday, and Friday, totaling a forty (40) hour work week.

42. In the week beginning September 4, 2016, Mr. Mota worked eight (8) hours per day on Monday and Tuesday, ten (10) hours on Wednesday, and twelve (12) hours per day on Thursday and Friday, totaling a fifty (50) hour work week.

43. In the week beginning September 11, 2016, Mr. Mota worked eight (8) hours per day on Monday, Tuesday, and Wednesday and ten (10) hours per day on Thursday and Friday, totaling a forty-four (44) hour work week.

44. In the week beginning September 18, 2016, Mr. Mota worked eight (8) hours per day on Monday and Tuesday and ten (10) hours on Wednesday, totaling a twenty-six (26) hour work week.

45. Mr. Mota worked a total of fifty-two (52) hours in excess of forty (40) per week during his employment with SilverLining.

46. In and around September 2016, Mr. Mota complained to SilverLining that he had not received any payment from SilverLining for his work.

47. SilverLining confirmed that payment was owed and represented that payment would be forthcoming within a few days.

48. After several weeks passed without payment, Mr. Mota again reached out to SilverLining via phone, to which SilverLining did not respond.

49. Plaintiffs were non-exempt from FLSA and NYLL minimum wage and overtime requirements throughout their employment at SilverLining.

50. From 2009 to the present, the federal minimum wage has been seven dollars and twenty-five cents ($7.25) per hour.

51. From December 31, 2015, to the present, the minimum wage in New York State has been nine dollars ($9.00) per hour.

52. As SilverLining has failed to pay Plaintiffs whatsoever for hours worked, SilverLining has violated the minimum wage provisions of the FLSA and NYLL.

53. As SilverLining has failed to pay Plaintiffs at all, much less at the overtime premium rate, for hours worked in excess of forty (40) in a work week, SilverLining has also violated the overtime provisions of the FLSA and NYLL.

54. SilverLining also failed to provide Plaintiffs with "spread of hours" pay throughout their employment.

55. Plaintiffs regularly worked ten (10) or more hours in a workday throughout their employment at SilverLining, yet SilverLining failed to pay them one (1) additional hour of pay at the minimum wage for each day that they worked at least ten (10) hours.

56. Mr. Cabrera worked at least ten (10) hours per day in every day of his employment with SilverLining.

57. Mr. Mota worked at least ten (10) hours on the following days: July 20, July 25, July 27, July 29, August 1, August 2, August 4, August 5, August 8, August 9, August 11, August 12, August 18, August 19, August 25, August 26, September 7, September 8, September 9, September 15, September 16, and September 21.

58. SilverLining also failed to adhere to the notice and record-keeping requirements set forth in NYLL § 195 by failing to:

   a. provide Plaintiffs, upon their hiring, notices informing them of their hourly rate of pay (including the overtime premium rate), any allowances, the regular payday designated by SilverLining, and SilverLining's address and telephone number;

   b. provide Plaintiffs a statement with each payment of wages listing, among other things, the dates of work covered by that payment of wages, the name of the employee, and the name of the employer; and

    c. notify Plaintiffs of the termination of their employment, in writing, including the exact dates of their terminations.

59. Accordingly, Defendants have willfully violated the FLSA and NYLL.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Failure to Pay Minimum Wage in Violation of the FLSA

60. Plaintiffs, for themselves and on behalf of those similarly situated, hereby reallege and incorporate each and every allegation contained in paragraphs 1 through 59 with the same force as though separately alleged herein.

61. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA.

62. The FLSA mandates that employers pay each of their employees for each hour worked at an hourly rate not less than the federal minimum wage.

63. Defendants have failed to pay Plaintiffs whatsoever for hours worked for Defendants. As such, Defendants never paid Plaintiffs the federally mandated minimum wage.

64. Plaintiffs properly complained to Defendants about Defendants' minimum wage violations.

65. Defendants therefore were aware of their obligation to pay the minimum wage.

66. Defendants knowingly and willfully violated Plaintiffs' rights under the FLSA by failing to pay Plaintiffs the minimum wage for hours worked.

67. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants their unpaid compensation, liquidated damages, reasonable attorneys' fees, costs, and interest related to the action.

## SECOND CAUSE OF ACTION
### Unpaid Overtime in Violation of the FLSA

68. Plaintiffs, for themselves and on behalf of those similarly situated, hereby reallege and incorporate each and every allegation contained in paragraphs 1 through 67 with the same force as though separately alleged herein.

69. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA.

70. The FLSA mandates that employers compensate employees at one-and-a-half (1.5) times their normal hourly rate for all hours worked over forty (40) in a work week.

71. Defendants have failed to pay Plaintiffs whatsoever for hours worked for Defendants. As such, Defendants have failed to pay Plaintiffs at the overtime premium rate for hours worked for Defendants in excess of forty (40) in a work week.

72. Plaintiffs properly complained to Defendants about Defendants' overtime violations.

73. Defendants were therefore aware of their obligation to pay employees at the overtime premium rate for hours worked in excess of forty (40) in a work week.

74. Defendants knowingly and willfully violated the FLSA's overtime requirement by not paying Plaintiffs at the overtime premium rate for hours worked in excess of forty (40) in a work week.

75. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants their back pay at the overtime premium rate, liquidated damages, and reasonable attorneys' fees, costs, and interest related to the action.

## THIRD CAUSE OF ACTION
### Failure to Pay Wages in Violation of the NYLL § 191

76. Plaintiffs hereby reallege and incorporate each and every allegation contained in paragraphs 1 through 75 with the same force as though separately alleged herein.

77. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the NYLL.

78. NYLL § 191 mandates that manual workers be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned, and that, if an employee is terminated, the employer pay their wages not later than the regular pay day for the pay period during which the termination occurred.

79. Defendants have failed to pay Plaintiffs whatsoever for hours worked for Defendants.

80. Plaintiffs properly complained to Defendants about Defendants' failure to pay wages.

81. Defendants therefore were aware of their obligation to pay Plaintiffs their wages.

82. Defendants knowingly and willfully violated Plaintiffs' rights under the NYLL by failing to pay Plaintiffs for their hours worked.

83. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants their unpaid compensation, liquidated damages, reasonable attorneys' fees, costs, and interest related to the action.

## FOURTH CAUSE OF ACTION
### Unpaid Overtime in Violation of the NYLL

84. Plaintiffs hereby reallege and incorporate each and every allegation contained in paragraphs 1 through 83 with the same force as though separately alleged herein.

85. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the NYLL.

86. The NYLL mandates that employers compensate employees at one-and-a-half (1.5) times their normal hourly rate for all hours worked over forty (40) hours each week.

87. Defendants have failed to pay Plaintiffs whatsoever for hours worked for Defendants. As such, Defendants have failed to pay Plaintiffs at the overtime premium rate for hours worked for Defendants in excess of forty (40) in a work week.

88. Plaintiffs properly complained to Defendants about Defendants' overtime violations.

89. Defendants were therefore aware of their obligation to pay employees at the overtime premium rate for hours worked in excess of forty (40) in a work week.

90. Defendants willfully and intentionally violated the NYLL's overtime requirement by not paying Plaintiffs at the overtime premium rate for hours worked in excess of forty (40) in a work week.

91. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants their back pay at the overtime premium rate, liquidated damages, reasonable attorneys' fees, costs, and interest related to the action.

### FIFTH CAUSE OF ACTION
### Unpaid Spread of Hours in Violation of the NYLL

92. Plaintiffs hereby reallege and incorporate each and every allegation contained in paragraphs 1 through 91 with the same force as though separately alleged herein.

93. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the NYLL.

94. The NYLL requires an employer to pay an employee one (1) additional hour at the minimum wage for any day during which the employee worked ten (10) or more hours.

95. Plaintiffs regularly worked ten (10) or more hours in a day during their employment with Defendants.

96. However, Plaintiffs were never paid one (1) additional hour at the minimum wage for days in which they worked ten (10) or more hours.

97. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants their unpaid compensation, liquidated damages, reasonable attorneys' fees, costs, and interest related to the action.

**SIXTH CAUSE OF ACTION**
**Failure to Provide Notice and Keep Records in Violation of the NYLL**

98. Plaintiffs hereby reallege and incorporate each and every allegation contained in paragraphs 1 through 97 with the same force as though separately alleged herein.

99. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the NYLL.

100. NYLL § 195 mandates that employers keep certain records and provide certain notices to their employees.

101. Defendants violated the NYLL's notice and record-keeping requirements by not providing Plaintiffs with the notices to which they are entitled under the NYLL and by failing to keep accurate records of hours worked by their employees.

102. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants fifty dollars ($50) for each work day that the violations occurred or continue to occur, reasonable attorneys' fees, and costs related to the action.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request the following relief:

A. For the first cause of action, damages to be determined at trial;

B. For the second cause of action, damages to be determined at trial;

C. For the third cause of action, damages to be determined at trial;

D. For the fourth cause of action, damages to be determined at trial;

E. For the fifth cause of action, damages to be determined at trial;

F. For the sixth cause of action, damages to be determined at trial; and

G. For such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         November 22, 2016

By: *[signature]*
Walker G. Harman, Jr. [WH-8044]
Edgar M. Rivera [ER-1378]
THE HARMAN FIRM, LLP
220 Fifth Avenue, Suite 900
New York, NY 10001
(212) 425-2600
wharman@theharmanfirm.com
erivera@theharmanfirm.com
*Attorneys for Plaintiffs*