UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| BRADLEY CABRERA and JOSE MOTA,<br>　　　　Plaintiffs,<br>v.<br><br>SILVERLINING HOLDING CORP. and<br>DANIEL POTTER, | **ANSWER TO COMPLAINT**<br><br>C.A. No. 2016-9107RWS |

COMES NOW, the Defendants Silverlining Holding Corp. ("Silverlining") and Daniel Potter ("Potter")(Silverlining and Potter collectively the "Defendants") and for their Answer and Jury Demand state the following:

1. It is admitted only that the Plaintiff Cabrera performed certain work on Silverlining's behalf on certain projects located in the State of New York, and that Silverlining's work includes the repair, cleaning and service of pipes used in various application. Further, it is admitted that Potter is the founder of Silverlining and holds the position of President and CEO of the company. The balance of the allegations contained within Paragraph 1 are denied.

2. Paragraph 2 of the Complaint merely states what it is that the Plaintiffs seek through this lawsuit and in summary fashion the basis for their claims. Defendants deny they are entitled to such relief and deny the summary of the bases for their claims.

3. Paragraph 3 of the Complaint merely states what it is that the Plaintiffs seek through this lawsuit and in summary fashion the basis for their claims. Defendants deny they are entitled to such relief and deny the summary of the bases for their claims.

**JURISDICTION AND VENUE**

4. Denied.

5. Denied.

6. Denied.

## PARTIES

7. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 7 of the Complaint and therefore deny the same.

8. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 8 of the Complaint and therefore deny the same.

9. Admitted.

10. It is admitted only that Potter resides in Massachusetts, the balance of the allegations contained within Paragraph 10 are denied.

11. It is admitted only that Potter holds the titles of CEO, President, Treasurer and Director of Silverlining, the balance of the allegations contained within Paragraph 11 are denied.

## COVERAGE UNDER THE FLSA

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

## COLLECTIVE ACTION ALLEGATIONS

18. Paragraph 3 of the Complaint merely states what it is that the Plaintiffs seek through this lawsuit and in summary fashion the basis for their claims. Defendants deny they are entitled to such relief and deny the summary of the bases for their claims.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## STATEMENT OF FACTS

23. It is admitted only that Cabrera began performing certain work for Silverlining on July 28, 2016. The balance of the allegations contained within Paragraph 23 are denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 31 of the Complaint and therefore deny the same.

32. Denied.

33. Denied.

34. Denied.

35. Denied

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. The allegations contained within Paragraph 49 of the Complaint call for a legal conclusion and do not require a response. To the extent a response is required, the allegations are denied.

50. Upon information and belief, admitted.

51. Upon information and belief, admitted.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. To the extent that Paragraph 58 calls for a legal conclusion, it is denied. As subparagraphs a) through c) include factual allegations, they are treated here: a) Denied, b) Denied, c) Denied as to Mota; Admitted as to Cabrera.

59. Denied.

## CAUSES OF ACTION

FIRST CAUSE OF ACTION-Failure to Pay Minimum Wage in Violation of the FLSA

60. Defendants incorporate the foregoing paragraphs herein by reference.

61. Denied.

62. The allegations contained within Paragraph 61 call for a legal conclusion and therefore do not require a response. To the extent a response is required, it is admitted only that the FLSA requires certain employers to pay their employees for each hour worked an hourly rate not less than the federal minimum wage, it is denied that Silverlining is such an employer, or that it failed to pay the federal minimum wage and for all hours worked.

63. Denied.

64. Denied.

65. It is admitted only that the Defendants were aware of their obligation to pay the minimum wage, it is denied that they failed to do so.

66. Denied.

67. Denied.

SECOND CAUSE OF ACTION-Unpaid Overtime in Violation of the FLSA

    68. The Defendants incorporate the foregoing responses herein by reference.

    69. Denied.

    70. The allegations contained within Paragraph 70 call for a legal conclusion and therefore do not require a response. To the extent a response is required, it is admitted only that the FLSA mandates that employers compensate employees at one-and-a-half (1.5) times their normal hourly rate for all hours worked over forty (40) in a work week, it is denied that Silverlining is such an employer, or that it failed to remit payment as required.

    71. Denied.

    72. Denied.

    73. Denied.

    74. Denied.

    75. Denied.

THIRD CAUSE OF ACTION- Failure to Pay Wages in Violation of the NYLL § 191

    76. The Defendants incorporate the foregoing responses herein by reference.

    77. Denied as to Mota, admitted as to Cabrera.

    78. The allegations contained within Paragraph 78 call for a legal conclusion and therefore do not require a response. To the extent a response is required, they are denied.

    79. Denied.

    80. Denied.

    81. Denied.

82. Denied.

83. Denied.

FOURTH CAUSE OF ACTION- Unpaid Overtime in Violation of the NYLL

84. The Defendants incorporate the foregoing Paragraphs herein by reference.

85. Admitted as to Cabrera, denied as to Mota.

86. The allegations contained within Paragraph 87 call for a legal conclusion and therefore do not require a response, to the extent a response is required, the allegations are denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

FIFTH CAUSE OF ACTION- Unpaid Spread of Hours in Violation of the NYLL

92. The foregoing responses are incorporated herein by reference.

93. Denied as to Mota, admitted as to Cabrera.

94. The allegations contained within Paragraph 94 call for a legal conclusion and therefore do not require a response, to the extent a response is required, the allegations are denied.

95. Denied.

96. Denied.

97. Denied.

SIXTH CAUSE OF ACTION- Failure to Provide Notice and Keep Records in Violation of the NYLL

98. Defendants incorporate the foregoing responses herein by reference.

99. Denied as to Mota, admitted as to Cabrera.

100. The allegations contained within Paragraph 100 call for a legal conclusion and therefore do not require a response, to the extent a response is required, the allegations are denied.

101. Denied.

102. Denied.

PLAINTIFFS DEMAND A TRIAL BY JURY FOR ALL MATTERS SO TRIABLE.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are barred by the doctrine of setoff.

2. The Court lacks subject matter jurisdiction.

3. Plaintiffs fail to state a claim upon which relief may be granted.

Respectfully Submitted,

Ryan D. Sullivan (Pro Hac Vice)
rsullivan@sullivan-legal.com
Sullivan Legal, PC
257 Turnpike Road, Suite 240
South Boston, MA 02127
(617)-410-6340 (Phone)
(617) 431-1456 (Fax)

Dated: July 17, 2017

## CERTIFICATE OF SERVICE

    I, Ryan D. Sullivan, hereby certify on this 18th day of July, 2017, I caused a true and accurate copy of the Defendants' Answer to the Complaint to be served upon counsel for the Plaintiffs via first class mail and ECF to the following:

Walker G. Harman, Jr.
Edgar M. Rivera
THE HARMAN FIRM, LLP
220 Fifth Avenue, Suite 900
New York, NY 10001
wharman@theharmanfirm.com
erivera@theharmanfirm.com