UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRADLEY CABRERA and JOSE MOTA, ) | |
| Plaintiffs, ) | **ANSWER TO AMENDED COMPLAINT** |
| v. ) | |
| ) | C.A. No. 2016-9107RWS |
| SILVERLINING HOLDING CORP. and ) | |
| DANIEL POTTER, ) | |

COMES NOW, the Defendants Silverlining Holding Corp. ("Silverlining") and Daniel Potter ("Potter")(Silverlining and Potter collectively the "Defendants") and for their Answer and Jury Demand state the following:

1. It is admitted only that the Plaintiff Cabrera performed certain work on Silverlining's behalf on certain projects located in the State of New York, and that Silverlining's work includes the repair, cleaning and service of pipes used in various application. Further, it is admitted that Potter is the founder of Silverlining and holds the position of President and CEO of the company. The balance of the allegations contained within Paragraph 1 are denied.

2. Paragraph 2 of the Complaint merely states what it is that the Plaintiffs seek through this lawsuit and in summary fashion the basis for their claims. Defendants deny they are entitled to such relief and deny the summary of the bases for their claims.

3. Paragraph 3 of the Complaint merely states what it is that the Plaintiffs seek through this lawsuit and in summary fashion the basis for their claims. Defendants deny they are entitled to such relief and deny the summary of the bases for their claims.

**JURISDICTION AND VENUE**

4. Denied.

5. Denied.

6. Denied.

## PARTIES

7. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 7 of the Complaint and therefore deny the same.

8. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 8 of the Complaint and therefore deny the same.

9. Admitted.

10. It is admitted only that Potter resides in Massachusetts, the balance of the allegations contained within Paragraph 10 are denied.

11. It is admitted only that Potter holds the titles of CEO, President, Treasurer and Director of Silverlining, the balance of the allegations contained within Paragraph 11 are denied.

## COVERAGE UNDER THE FLSA

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

## COLLECTIVE ACTION ALLEGATIONS

18. Paragraph 3 of the Complaint merely states what it is that the Plaintiffs seek through this lawsuit and in summary fashion the basis for their claims. Defendants deny they are entitled to such relief and deny the summary of the bases for their claims.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## STATEMENT OF FACTS

23. It is admitted only that Cabrera began performing certain work for Silverlining on July 28, 2016. The balance of the allegations contained within Paragraph 23 are denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Defendants are without sufficient information to admit or deny the allegations contained within Paragraph 31 of the Complaint and therefore deny the same.

32. Denied.

33. Denied.

34. It is admitted only that Mr. Mota was never paid, it is denied that he was ever due payment or that he worked for Defendant.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Paragraph 39 calls for a legal conclusion and therefore is neither admitted nor denied, to the extent a response is required, it is denied.

40. Upon information and belief, admitted.

41. Upon information and belief, admitted.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. To the extent that Paragraph 48 calls for a legal conclusion, it is denied. As subparagraphs a) through c) include factual allegations, they are treated here: a) Denied, b) Denied, c) Denied as to Mota; Admitted as to Cabrera.

49. Denied.

CAUSES OF ACTION

FIRST CAUSE OF ACTION-Failure to Pay Minimum Wage in Violation of the FLSA

50. Defendants incorporate the foregoing paragraphs herein by reference.

51. Denied.

52. The allegations contained within Paragraph 52 call for a legal conclusion and therefore do not require a response. To the extent a response is required, it is admitted only that the FLSA requires certain employers to pay their employees for each hour worked an hourly rate not less than the federal minimum wage, it is denied that Silverlining is such an employer, or that it failed to pay the federal minimum wage and for all hours worked.

53. Denied.

54. Denied.

55. It is admitted only that the Defendants were aware of their obligation to pay the minimum wage, it is denied that they failed to do so.

56. Denied.

57. Denied.

SECOND CAUSE OF ACTION-Unpaid Overtime in Violation of the FLSA

58. The Defendants incorporate the foregoing responses herein by reference.

59. Denied.

60. The allegations contained within Paragraph 60 call for a legal conclusion and therefore do not require a response. To the extent a response is required, it is admitted only that the FLSA mandates that employers compensate employees at one-and-a-half (1.5) times their normal hourly rate for all hours worked over forty (40) in a work week, it is denied that Silverlining is such an employer, or that it failed to remit payment as required.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

THIRD CAUSE OF ACTION- Failure to Pay Wages in Violation of the NYLL § 191

66. The Defendants incorporate the foregoing responses herein by reference.

67. Denied as to Mota, admitted as to Cabrera.

68. The allegations contained within Paragraph 68 call for a legal conclusion and therefore do not require a response. To the extent a response is required, they are denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

FOURTH CAUSE OF ACTION- Unpaid Overtime in Violation of the NYLL

74. The Defendants incorporate the foregoing Paragraphs herein by reference.

75. Admitted as to Cabrera, denied as to Mota.

76. The allegations contained within Paragraph 76 call for a legal conclusion and therefore do not require a response, to the extent a response is required, the allegations are denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

FIFTH CAUSE OF ACTION- Unpaid Spread of Hours in Violation of the NYLL

82. The foregoing responses are incorporated herein by reference.

83. Denied as to Mota, admitted as to Cabrera.

84. The allegations contained within Paragraph 84 call for a legal conclusion and therefore do not require a response, to the extent a response is required, the allegations are denied.

85. Denied.

86. Denied.

87. Denied.

SIXTH CAUSE OF ACTION- Failure to Provide Notice and Keep Records in Violation of the NYLL

88. Defendants incorporate the foregoing responses herein by reference.

89. Denied as to Mota, admitted as to Cabrera.

90. The allegations contained within Paragraph 90 call for a legal conclusion and therefore do not require a response, to the extent a response is required, the allegations are denied.

91. Denied.

92. Denied.

DEFENDANTS DEMAND A TRIAL BY JURY FOR ALL MATTERS SO TRIABLE.

AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are barred by the doctrine of setoff.

2. The Court lacks subject matter jurisdiction.

3. Plaintiffs fail to state a claim upon which relief may be granted.

Respectfully Submitted,

*/s/ Ryan D. Sullivan*
Ryan D. Sullivan (RS-6278)
rsullivan@scafidijuliano.com
Scafidi Juliano, LLP
40 Wshington Street, Suite 201
Wellesley, MA 02481
Dated: October 13, 2017  (617)-410-6340 (Phone)
(617) 431-1456 (Fax)

# CERTIFICATE OF SERVICE

I, Ryan D. Sullivan, hereby certify on this 13th day of October, 2017, I caused a true and accurate copy of the Defendants' Answer to the Amended Complaint to be served upon counsel for the Plaintiffs via first class mail and ECF to the following:

Walker G. Harman, Jr.
Edgar M. Rivera
THE HARMAN FIRM, LLP
220 Fifth Avenue, Suite 900
New York, NY 10001
wharman@theharmanfirm.com
erivera@theharmanfirm.com

*/s/ Ryan D. Sullivan*